IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAFARGE NORTH AMERICA INC.,
  a Maryland Corporation

        Plaintiff,

vs.

Case No. 09-1075-JTM

BRENEMAN MATERIALS, LLC,
  a Kansas limited liability company,
MARY JEAN BRENEMAN, JOHN
DUGGAN, MARK PETERSON, CHRIS
GEORGE, J. DOUGLAS BOHI,
POKE, LLC,
  a Kansas limited liability company, and
BPG INVESTMENTS, LLC,
  a Kansas limited liability company,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff Lafarge North America's motions to dismiss various counterclaims advanced by the defendants. The first set of motions (Dkt. 24, 25) is directed at the counterclaims advanced by defendants Poke and Breneman Materials. Laforge filed a second set of motions (Dkt. 38, 39) raising the same arguments after defendants J. Douglas Bohi and John Duggan filed Answers raising similar declaratory judgment counterclaims.

In its initial Complaint, Lafarge alleged that it had entered into an agreement with Breneman to sell construction materials on credit, and sought judgment against Breneman in the amount of $329,227.65 for materials and finance charges. (Dkt. 1). It subsequently obtained permission to amend, and filed an Amended Complaint (Dkt. 11) repeating the breach of contract claim against Breneman, but adding claims for fraudulent transfer under K.S.A. 33-205(a) and (b) and against Breneman and five other individual persons and two Kansas limited liability companies, by distributing to the other co-defendants the proceeds from the August, 2008 sale of Breneman's real property.

With respect to the motions against Poke and Breneman, Lafarge argues that the counterclaims fail to state a claim for relief and should be dismissed pursuant to Fed.R.Civ.Pr. 12(b)(6), and that they fail to set forth any basis for subject matter jurisdiction, and so should be dismissed under Rule 12(b)(1).

Here, the Answers to the Amended Complaint (Dkt. 21, 22) filed by Poke and Breneman contend that based on the existence of a prior operating agreement, the court should award "a declaratory judgment finding that any alleged payments made to [defendant] were consistent with and pursuant to the operating agreement." (*Id*., at 8). Citing decisions such as *St. Paul Fire & Marine Ins. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995), and *Waddell & Reed v. United Investors Life Ins.*, 2000 U.S. Dist. Lexis, 22350 (D. Kan. 2000), Lafarge suggests that no declaratory relief is available because the declaration sought "would not settle uncertain rights or provide [the defendants] with guidance as to any future action ... but instead seeks some form of immunity for past actions." (Dkt. 24, at 3). Lafarge contends that the counterclaims should be dismissed under Rule 12(b)(1) because they do not directly state who they are directed against, and so the court

cannot determine if subject matter jurisdiction exists. It also argues that the counterclaims are so vague as to be "unintelligible," (id. at 5) and the court should either dismiss the counterclaim under Rule 12(e) or direct defendants to make a more definite statement under Rule 12(c).

Breneman and Poke contend that the court has jurisdiction to hear the counterclaims under the Declaratory Judgment Act by reciting the general standards for relief under the Act:

(1) whether a declaratory action would settle the controversy
(2) whether it would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for "procedural fencing" or to "provide an arena for a race to res judicata";
(4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
(5) whether there is an alternative remedy that is better or more effective.

*Board of County Com'rs v. Continental Western Ins.*, 184 F.Supp.2d 1117, 1120-212 They further argue that the counterclaims provide a short and plain statement of relief, that Laforge's claims of uncertainty as to the target of the counterclaims "is suspect at best" because there are no cross-claims among the defendants but a counterclaim "which by definition would be directed to the Plaintiff," (Dkt. 32 at 4), and that if there is any lack of clarity in the counterclaims the court should grant leave to amend the counterclaims rather than dismiss them.

The court will dismiss the counterclaims under Rule 12(b)(6) since they will not serve to resolve or clarify the legal issues in the case. Before the court can entertain an action for declaratory judgment, it must be satisfied both that the requested declaration would "serve to clarify or settle legal relations at issue" and that "it will terminate or afford relief from the uncertainty giving rise to the proceeding." *See St. Paul Fire & Marine Ins*. 53 F.3d 1167, 1168 (10th Cir. 1995). These requirements are not present here, since the existence or non-existence of a prior operating agreement will not resolve the issues presented by Laforge's claims of fraudulent transfer. That is, the existence

of a prior operating agreement is not a defense to an action under either subsection of K.S.A. 33-205. That statute provides

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation juded and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
>
> (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

The existence of a prior operating agreement is not a license to commit fraudulent transfers as defined by the statute. Whether or not an operating agreement existed, transfers made in violation of K.S.A. 33-205 are actionable under Kansas law. If Laforge proves the distributions were fraulent transfers under the statute, it will be entitled to relief. If it fails in such proof, and no fraudulent transfers occurred, relief to the plaintiff will be denied.

Laforge's motions as to defendants Bohi and Duggan will be granted for good cause and pursuant to D.Kan. Rule 7.4.

IT IS ACCORDINGLY ORDERED this 21st day of December that the plaintiff's Motions to Dismiss Counterclaims (Dkt. 24, 25, 38, 39) are hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE